IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL DAVID DAVIS, | |
| Petitioner, | 4:23CV3197 |
| vs. | |
| ROB JEFFERY, Director; and TAGERT BOYD, Warden; | MEMORANDUM AND ORDER |
| Respondents. | |

This matter is before the Court on preliminary review of Petitioner Michael David Davis' ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 alleging two grounds of relief. Filing No. 1. This Court must conduct an initial review of the Petition for Writ of Habeas Corpus, to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.

Here, Petitioner utilized the appropriate form when filing his Petition but did not sufficiently allege facts in support of his Ground Two claim which would allow this Court to determine if Ground Two is potentially cognizable. Specifically, the totality of Plaintiff's Ground Two is as follows: "Violation of Constitutional Rights, Brady." *Id.* at 7. In the portion of the form provided for Petitioner to supply facts in support of Ground Two however, Petitioner failed to list any facts and instead appears to use the space to allege additional violations of the 4th, 5th, 8th, and 14th Amendments. *Id.*

A petition must "substantially follow either the form appended to [the] rules, or a form prescribed by a local district-court rule." *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. While Petitioner's Petition utilized an appropriate form for filing his Petition, in relation to Ground Two Petitioner failed to provide any facts in support. Although pro se submissions are to be liberally construed, there is nothing to construe when a Petitioner fails to provide any facts to support a ground for relief. *Friar v. Kelley*, No. 517CV00189DPMPSH, 2019 WL 13240632, at *4 (E.D. Ark. Feb. 13, 2019), *report and recommendation adopted*, No. 5:17-CV-189-DPM, 2019 WL 13240623 (E.D. Ark. Mar. 7, 2019).

While dismissal of an unsupported ground for relief is a suitable response, *id.*, on its own motion this Court grants Petitioner 30 days in which to amend his Petition or supplement Ground Two to include factual allegations supporting his claim that *Brady* and/or several Constitutional Amendments were violated.

IT IS THEREFORE ORDERED that:

1. Ground Two of the pending Petition for Habeas Corpus, Filing No. 1, is deemed insufficient and the Court will not act upon it.

2. On or before **September 26, 2024**, Petitioner may either:

   a. Submit a completely new amended Petition for Writ of Habeas Corpus, originally signed under penalty of perjury using Form 241 as provided by this Court (or in a form in substantial compliance with it), or

   b. Submit a supplement to his Ground Two providing factual allegations in support of the Brady and constitutional violations alleged.

Petitioner is encouraged to review his entire Petition and determine whether it contains all the facts and claims he wishes to allege outside of Ground Two. If Petitioner only wishes to provide facts in support of his Ground Two allegation he may file a supplement to that ground. If Petitioner seeks to amend, add to, or otherwise change any portion of his Petition outside of the required factual allegations to support Ground Two, Petitioner must file an amended petition, which will supersede and fully replace the Petition filed on October 16, 2023.

3. Petitioner is warned that failure to comply with this order shall result in dismissal of Ground Two of his Petition without further notice.

4. To the extent Petitioner seeks additional time to comply with this order he must file a motion to extend the time to comply on or before the **September 26, 2024**, deadline.

5. The Clerk of the Court is directed to send to Petitioner the Form AO241 packet, Petition for Relief From a Conviction or Sentence By a Person in State Custody.

5. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: **September 26, 2024**: deadline for Petitioner to submit amended petition or supplement.

6. No further review of this case will take place until Petitioner complies with this Memorandum and Order or the deadline to do so has passed.

Dated this 27th day of August, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

3