IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL DAVID DAVIS, <br><br> Petitioner, <br><br> vs. <br><br> ROB JEFFERY, Director; and TAGERT BOYD, Warden; <br><br> Respondents. | 4:23CV3197 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Michael David Davis' Petition for Writ of Habeas Corpus (the "Petition"), Filing No. 1, filed pursuant to 28 U.S.C. § 2254. This review supplements the Memorandum and Order dated August 27, 2024, where upon preliminary review of the Petition, Petitioner was informed that his claim titled "Brady violation" contained insufficient facts to support it, and that without supplementation or amendment the claim was subject to dismissal. Filing No. 6.

As Petitioner failed to respond to this Court's August 27 Memorandum and Order and the time to do so has passed, the Court now concludes its preliminary review of the Petition, Filing No. 1, to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has raised two claims.

Condensed and summarized for clarity and liberally construed, the Court preliminarily decides that the following claim is potentially cognizable in federal court:

>Claim One: Petitioner's right to effective assistance of counsel was violated because counsel failed to: (a) cross examine or otherwise impeach witness Kayleigh Davis' inconsistent statements; (b) have Petitioner psychologically evaluated to determine if he was mentally competent at the time of the commission of the alleged crime; and (c) discuss the nature of the charges against Petitioner or apprise him of the evidence against him.

Id. at 5, 16–25.

However, the Court cautions Petitioner that no determination has been made regarding the merits of this claim or any defenses to it or whether procedural bars will prevent Petitioner from obtaining the relief sought.

Liberally construed, the Court decides that the following claim is not cognizable in federal court:

>Claim Two: "Violation of Constitutional Rights, Brady Violation."

Id. at 7.

This Court previously found that Petitioner's statement of his second claim and his supporting statement that violations of the 4th, 5th, 8th, and 14th Amendments of the United States Constitution did not constitute supporting facts, and without which his claim was subject to dismissal.[1]  Filing No. 6 at 2.  In lieu of dismissal and on its own motion, this Court ordered Petitioner to amend or supplement his Petition with factual allegations

---

[1] In the handwritten documents attached to his Petition there is a reference to "lost statements – Brady Violation," as well as other general references to a "Brady violation" in relation to the police handling of the investigation into his case.  See Filing No. 1 at 24–25.  However, there are no facts supporting what the allegedly lost statements relate to or how Brady was violated in the Petition.

supporting his Brady violation claim by September 26, 2024. *Id.* at 2–3. Petitioner was warned that a failure to comply shall result in dismissal of Claim Two without further notice. *Id.* at 3.

As Petitioner has not filed a supplement or amendment or otherwise responded to the Memorandum and Order and the deadline to do so has passed, Claim Two of the Petition shall be dismissed for the reasons set forth in this Court's August 27 Memorandum and Order. *See* Filing No. 6.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing No. 1, the Court preliminarily determines that Claim One, as set forth in this Memorandum and Order, is potentially cognizable in federal court.

2. Upon initial review of the Petition, Filing No. 1, the Court determines that Petitioner's *Brady* claim, as set forth in Claim Two above, is not cognizable in federal court. This claim is therefore dismissed without prejudice.

3. By **December 16, 2024**, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **December 16, 2024**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B. The motion for summary judgment must be supported by any state Court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state Court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state Court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating

    that he will not file a reply brief and that the motion is therefore fully submitted for decision.

  F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

  A. By **December 16, 2024**, Respondent must file all state Court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

  B. No later than 30 days after the relevant state Court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-

5

retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state Court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

   F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **January 15, 2025**: check for Respondent's answer and separate brief.

 6. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 30th day of October, 2024.

           BY THE COURT:

           Joseph F. Bataillon
           Senior United States District Court